■ GERSHON BASSMAN et al., Appellants, v BLACKSTONE ASSOCIATES et al., Defendants, and STERLING NATIONAL BANK, Respondent. [718 NYS2d 826] —Order, Supreme Court, New York County (Charles Ramos, J.), entered on or about July 25, 2000, which, in an action for fraud and misappropriation of investment monies, granted defendant-respondent's motion to disqualify plaintiffs' attorneys (F&J), unanimously affirmed, without costs.

The motion court correctly held that the confidentiality provisions of the settlement agreement in another action in which F&J represented the plaintiffs prohibited F&J from accepting future representation of similarly situated plaintiffs. Such a prohibition is necessarily implicated in the agreement's prohibition against disclosure of the settlement amount and any prior specific dollar amounts offered or demanded. As the motion court aptly put it, since it is not apparent how F&J "could use, yet somehow not reveal or give plaintiffs in this lawsuit access to," such information, its confidentiality obligation "conflicts with its ability to freely contemplate settlement strategies" in this action. Concur—Rosenberger, J. P., Nardelli, Andrias, Ellerin and Lerner, JJ.